
FILED
2007 Mar-29 AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| WILLIAM D. THOMAS, administrator of the Estate of Holly Mae Laster, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO.: CV-06-RRA-02111-NW |
| LAUDERDALE COUNTY SHERIFF RONNIE WILLIS, et al., ) ) ) | |
| Defendants. ) | |

**Memorandum Opinion**

The case is presently before the court on the motions to dismiss filed by Sheriff Ronnie Willis (doc. 26), Deputy Sheriff James Tim Ray (doc. 28), and the Lauderdale County Commission (doc. 30). On March 2, 2007, the magistrate judge recommended that the motions to dismiss be granted and all claims dismissed. The plaintiff filed objections to the report and recommendation on March 12, 2007.

The objections filed by the plaintiff are without merit. As to Sheriff Willis, the objections restate the following of the plaintiff's positions: that the Eleventh Amendment does not bar the plaintiff's claim for injunctive relief; that the fact that the Sheriff cannot provide injunctive relief does not justify dismissal; and that principals of federalism do not justify dismissal. All of these positions were considered and rejected by the magistrate judge. The objections do not address the report and recommendation's statements that only an "intentional deprivation" is actionable under 42 U.S.C. § 1983 and that the complaint makes no such claim. Also, the plaintiff does not address in the objections the fact that the Sheriff was not the governing entity who could be sued for

injunctive relief under section 1983. Lastly, the objections fail to address the *Will* decision's holding that officials acting in their official capacities are not "persons" who can be sued under section 1983.

As to Deputy Ray, the plaintiff continues the same argument that the Deputy's conduct, in hitting the decedent, was reckless. However, the deputy is not sued in count one for the accident itself, only for the failure to provide a remedy. Also, no argument made in the objections justifies the abandonment of the doctrine of absolute immunity.

As to the county, the objections do not cite authority for the county being the proper entity to provide the relief they request. No new arguments are raised in the objections as to the county.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. A final order will be entered.

DONE this 29th day of March 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE